UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GARCIA-RAMIREZ, | No. 2:24-cv-00434-JAM-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SUTTER, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). ECF No. 14. Plaintiff filed this action on February 7, 2024, and summons issued on February 8, 2024. ECF Nos. 1 & 2. At that time, Plaintiff was represented by counsel, who was later allowed to withdraw. ECF No. 10. Plaintiff has not filed proof of service, and no defendant has appeared. On August 13, 2025, this Court issued an Order to Show Cause (OSC) which directed Plaintiff to show cause in writing within 14 days as to why the action should not be dismissed for failure to effect service. ECF No. 15. The OSC further cautioned: "If Plaintiff fails to respond, the court will recommend dismissal of the action." *Id.* at 2. A response was due by August 27, 2025, and Plaintiff did not file a response.

The Court now recommends that dismissal of the action is appropriate pursuant to Federal Rule of Civil Procedure 4(m), and for failure to prosecute under Rule 41(b). Under Rule 4(m), if

1

service is not made within 90 days of the filing of the complaint, the Court "must dismiss the action without prejudice" unless the plaintiff provides good cause for an extension of time. The Rule also allows for the Court to extend the time even without a showing of good cause. See *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Additionally, the rule [4(m)] *permits* the district court to grant an extension even in the absence of good cause."). Here, there has been no request for additional time, no showing of good cause, and over a year has passed since the filing of this action.

Second, the Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal for failure to prosecute is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on the merits. *Id.* at 1260-61.

**1. Public's interest in expeditious resolution of the litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed a year and a half ago, in February 2024. In counsel's motion to withdraw, counsel stated: "For several months, Plaintiff's counsel tried to get into contact with Plaintiff via the mail, e-mail and telephone information used before with Plaintiff but Plaintiff had no response." ECF No. 8 at 3. It appears Plaintiff is not participating in this matter. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

**2. Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over a year. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642.  Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.*  However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.  As Defendants have not appeared, this factor weighs only slightly in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives.  The Court has issued an OSC and has cautioned Plaintiff that non-compliance with the OSC would lead to a recommendation to dismiss the action.  The Court finds that lesser sanctions would be futile given Plaintiff's lack of participation in the litigation.  This factor weighs in favor of dismissal.

### 5. Public policy favoring disposition of cases on the merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.  This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*  The Court finds this factor weighs against dismissal.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE